IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GREGORY FORSYTHE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:12-CV-33-TMH |
| | ) | [WO] |
| | ) | |
| LT. KIRSEY and LT. BUCKMAN,[1] | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Gregory Forsythe ["Forsythe"], a former county inmate, challenges his confinement in a cell with a potential enemy for approximately nine days in December of 2011. During this cell assignment, no incident occurred between Forsythe and the other inmate. Forsythe seeks declaratory relief and termination of the employment of those responsible "due to their lack of consideration for his well being and safety . . . ." *Amended Complaint - Doc. No. 5* at 4.

The defendants filed a special report, supplemental special report and supporting evidentiary materials addressing Forsythe's claim for relief. In these documents, the defendants adamantly deny Forsythe's allegation of deliberate indifference to his safety. Additionally, the defendants assert that the complaint is due to be dismissed because Forsythe

---

[1] In their response to the complaint, the defendants advise the correct spellings of their names are Kirksey and Buchmann. However, for purposes of this Recommendation, the court will reference the defendants as identified by the plaintiff.

failed to properly exhaust an administrative remedy available to him at the Houston County Jail with respect to the claim presented in this cause of action. The defendants base their exhaustion defense on the plaintiff's failure to lodge a grievance regarding the claim presently pending before this court.

Pursuant to the orders entered in this case and governing case law, the court deems it appropriate to treat the defendants' reports as a motion for summary judgment. *Order of March 14, 2012 - Doc. No. 18*; *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (Although an exhaustion defense "is not ordinarily the proper subject for a summary judgment[,]" the defense is appropriate for summary judgment when the evidence demonstrates administrative remedies "are absolutely time barred or otherwise clearly infeasible."). Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of this motion and the evidentiary materials filed in support thereof, the court concludes that the defendants' motion for summary judgment with respect to the exhaustion defense is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed. R. Civ. P. 56(a) ("The court shall

grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[2] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact regarding the plaintiff's failure to exhaust his administrative remedies. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly

---

[2] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed. R. Civ. P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may . . . grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.")  A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor.  *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted).  Consequently, to survive the defendant' properly supported motion for summary judgment, Forsythe is required to produce "sufficient [favorable] evidence" which would be admissible at trial demonstrating the proper exhaustion of previously available administrative remedies.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Fed. R. Civ. P. 56(e).  "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-50.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."

4

*Walker v. Darby*, 911 F.2d 1573, 1576-77 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions . . . , in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment . . . ."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate.).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami,*

*Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004).  What is material is determined by the substantive law applicable to the case.  *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of the Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment.").  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-24 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact.); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Forsythe fails to demonstrate a requisite genuine dispute of material fact regarding his failure to exhaust administrative remedies so as to preclude summary judgment. *Matsushita*, *supra*.

### III.  DISCUSSION

On September 9, 2011, Forsythe was booked into the Houston County Jail on several charges, including two counts of first degree rape and one count of kidnapping. Forsythe challenges the propriety of his confinement in a cell with inmate LaSherm Wright from December 1, 2011 until December 9, 2011. In support of this claim, Forsythe alleges that Wright and two other inmates, Joshua Smith and George Caldwell, had attacked him in October of 2010 during their confinement in the Dothan City Jail. Upon his transfer to the Houston County Jail on September 9, 2011 and despite his knowledge of each attacker's identity, *see Plaintiff's June 20, 2012 Response - Doc. No. 25* at 4, Forsythe did not add any inmates to his enemies list - a list on which he had previously identified only George Caldwell as an enemy. *Defendants' Exhibit A to the March 13, 2012 Special Report - Doc.*

*No. 17-2* at 47. At the time of the challenged cell assignment, Forsythe did not complain about being housed with Wright nor did he seek to have Wright listed as an enemy. Forsythe concedes his failure to identify Wright as his enemy at this time and maintains he failed to do so because he did not recognize Wright as one of his assailants. *Plaintiff's Objection - Doc. No. 21* at 1 ("[I was] not . . . able to properly identify [Wright] at the time he was placed in the cell with me [on December 2, 2011]. No male inmate [in the Houston County Jail] shall have hair longer than 1 (one) inch from his scalp. [Wright's] appearance had change[d], upon my attack he had dread locks."). Forsythe and Wright lived together without incident during their short time as cell mates in December of 2011.

The evidentiary materials submitted by the parties establish that Forsythe did not file a grievance with jail personnel challenging his confinement with Wright. The defendants therefore maintain that this case is subject to dismissal because Forsythe failed to properly exhaust the administrative remedy provided at the Houston County Jail prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must

8

exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings . . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93, 126 S.Ct. at 2386-87. The Court reasoned that because proper exhaustion of administrative remedies is necessary, an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process

9

simply by waiting until the grievance procedure is no longer available to her. 548 U.S. at 83-84, 126 S.Ct. at 2382; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).

The record in this case establishes that the Houston County Jail provides a grievance procedure for inmate complaints. *Defendants' Exhibit A - Doc. No. 17-2* at 7. The relevant portion of the grievance procedure reads as follows:

> 1. If an inmate has a grievance they may request a grievance form from jail staff . . . . Inmates may only submit one grievance per day.
>
> 2. [The inmate must] [c]omplete the grievance form providing as much detail as possible . . . and return the form to the jail staff. Each grievance may only address one issue . . . . The grievance shall be submitted within three days of the event which is the basis of the grievance . . . . The inmate shall state in their grievance the details and the date of the event made the basis of the grievance . . . .
>
> 3. The jail has 30 days to investigate and answer the grievance. The grievance may be answered by any jail staff member authorized to answer the particular grievance.
>
> 4. If the inmate is not satisfied with the response to the grievance, the inmate may appeal the decisions using a grievance appeal form . . . . The appeal will be answered by the next person in the chain of command. The appeal must be submitted within 24 hours of the time the inmate is notified of the initial decision . . . .
>
> 5. Each time the inmate is dissatisfied with the response to an appeal, they may follow the same procedure with the next person in the chain of command until they reach the sheriff who will make the final decision.
>
> 6. If an inmate has an emergency he or she may make an oral request to any member of the jail staff. They will immediately notify a supervisor who will

investigate the emergency grievance. An emergency is defined as anything which affects the immediate life, safety or health of the inmate or the security and safety of the facility.

7. All grievances are tracked by the jail staff to ensure that (1) inmates grievances are answered; (2) inmates have followed the rules regarding filing grievances and appeals.

*Defendants' Exhibit A - Doc. No. 17-2* at 7.

On March 14, 2012 and May 3, 2012, the court entered orders allowing Forsythe the opportunity to respond to the arguments made by the defendants in their special reports. *Doc. No. 18* and *Doc. No. 22*. In his responses to these orders, Forsythe presents evidentiary materials which indicate that his mother advised jail officials sometime in January of 2011 of Wright's participation in the prior attack on Forsythe. Forsythe, however, did not at any time prior to filing this civil action complain of his confinement with Wright or list Wright as his enemy.[3] Moreover, Forsythe does not contend that he submitted a grievance with jail personnel challenging his confinement with Wright in December of 2011 as required by the jai''s grievance procedure and the record is devoid of any evidence showing that he filed a requisite grievance; rather, all of the evidence before the court demonstrates that Forsythe failed to voice or file a grievance regarding this matter. Furthermore, Forsythe acknowledges his failure to notify jail personnel of the potential risk to his safety during the relevant time period and asserts he made no such complaint because he did not recognize Wright due to

---

[3] The undisputed evidentiary materials establish that Forsythe never requested that jail personnel add Wright to his enemies list. Instead, based on the claims presented in the instant complaint, jail personnel on March 12, 2012 unilaterally made the decision to add Wright to Forsythe's enemies list.

11

a change in Wright's hairstyle. *Plaintiff's Objection - Doc. No. 21* at 1. The court therefore concludes that the claims presented in this cause of action are subject to dismissal. *Ngo*, 548 U.S. at 87-94, 126 S.Ct. at 2384-88.

It is undisputed that Forsythe failed to properly exhaust an administrative remedy available to him which is a precondition to proceeding in this court on his claim. Specifically, Forsythe did not voice or file a grievance with respect to the claim presented in this cause of action as allowed by the grievance procedure in effect at the Houston County Jail and the time for utilizing the grievance procedure expired prior to the filing of this case. Thus, the administrative remedy provided by the defendants for the instant claim is no longer available to Forsythe. Under these circumstances, dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Forsythe v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004) (footnotes omitted) (inmate's "federal lawsuits . . . properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be GRANTED to the extent the

defendants seek dismissal of this case due to the plaintiff's failure to properly exhaust an administrative remedy previously available to him at the Houston County Jail; and

2.  This case be dismissed with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust an administrative remedy provided to him during his confinement in the Houston County Jail as this remedy is no longer available to him with respect to the claim presented in this cause of action.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before June 27, 2013**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en

banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 13th day of June, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE